IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| TERRELL JUDSON, § § § | |
| Plaintiff, § § | |
| § | CIVIL ACTION NO.: |
| v. § § | |
| § | 1:24-cv-424 |
| GULF SOUTH SECURITY § | |
| HOLDINGS, LLC, d/b/a § | JURY DEMAND |
| SIGNAL 88 OF MOBILE, § § | |
| § | |
| Defendant. § | |

## COMPLAINT

### I.  INTRODUCTION

1. Plaintiff, Terrell Judson, brings this action under Title I of the Americans with Disabilities Act (hereafter "ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff is entitled to equitable relief, compensatory damages, liquidated damages, attorneys fees and costs.

### II.  JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked according to the Act of Congress known as 28 U.S.C. §1331, 1343(a)(4), 2201-2202, 29 U.S.C. §§ 22601 *et seq*., 42 U.S.C. §12117, and 42 U.S.C. §12133. Venue is proper pursuant to 28 U.S.C. §1391.

3. The unlawful employment practices alleged herein below were committed by the Defendant within Mobile County, Alabama.

### III.  PARTIES

4. Plaintiff, Terrell Judson (hereafter "Judson" or "Plaintiff"), is a citizen of the United States and a resident of Alabama. Judson is a member of a protected class. At all times relevant to this Complaint, Judson was an employee of Signal Security., as defined by the ADA.

5.  Defendant, Gulf South Security Holdings d/b/a "Signal 88 of Mobile" (hereafter "Signal"), is an entity subject to suit for purposes of the ADA.

IV. **ADMINISTRATIVE EXHAUSTION**

6.  Plaintiff timely filed his charge of discrimination based on the Title VII and the ADA with the Equal Employment Opportunity Commission (hereafter "EEOC") within 180 days after the last discriminatory treatment. The Plaintiff further filed his discrimination suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

V. **STATEMENT OF FACTS**

7.  Judson is a person with a disability, as the term is defined by the ADA.

8.  Judson suffers from a bone and joint condition with his knees, and as a result, walks with a limp.

9.  Judson's knee condition limits one or more major life activities, including but not limited to walking and standing.

10. Signal employed Judson as a Security Guard.

11. Throughout Judson's time working with Signal, he had more than five supervisors.

12. Judson told most, if not all, of his supervisors about his knee condition.

13. Those who were not made explicitly aware of Judson's knee condition observed him limping.

14. In or around 2024, Signal placed Judson to work at an Austal USA ("Austal") campus.

15. The Austal campus had multiple points of entry for vehicles, at which Signal employees were stationed for work.

16. Signal stationed Judson at gate M4, which was the only point of entry and exit

without a stop sign for traffic entering the Austal campus.

17. After assigning Judson to work at gate M4, Signal mandated that Judson remain standing for the entirety of his shift because the gate did not have stop signs.

18. Signal assigned Judson at gate M4 because of his disability.

19. Judson informed the assigning supervisors of his difficulties standing for hours at a time without sitting, but Signal refused to assign Judson to another post.

20. Signal then terminated Judson's employment.

21. Signal told Judson his termination was the result of not attending meetings and allowing a vehicle through his gate without stopping the vehicle.

22. Judson disputes these stated reasons.

23. Non-disabled employees, as well as those who Signal does not perceive as disabled, are not accounted for or disciplined for attendance at meetings.

24. These same employees are not disciplined or terminated when they do not stop each vehicle at their gate.

25. Signal is aware of similarly situated non-disabled employees sleeping at their stations and allowing vehicles through unchecked.

26. However, Signal does not hold these employees to the same standard as Judson.

## VI. CAUSES OF ACTION

### A. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### (FAILURE TO ACCOMMODATE)

27. Judson re-alleges and incorporates by reference paragraphs 2-26 above, with the same force and effect as if fully set forth herein.

28. Judson is an individual with a qualifying disability within the meaning of Section

101(8) of the Americans with Disabilities Act, Title 42 U.S.C. §12111(8), in that Judson is an individual with a disability who, with or without a reasonable accommodation, could perform the essential functions of his position within Signal's work force.

29. Judson notified Signal of his health condition.

30. Further, the symptoms of Judson's condition were evident.

31. Signal failed to engage in the interactive process to determine if reasonable accommodations existed.

32. Moving Judson to another post within the Austal campus would not have presented an undue hardship to Signal.

33. Further, moving Judson to another customer's property would not have presented an undue hardship to signal.

34. Rather than accommodate Judson and allow him continued employment, Signal terminated his employment.

35. Signal is directly liable for the action and inactions of its managers and agents.

36. As a result, Judson suffered damages, including but not limited to loss of continued employment, wages, benefits, bonuses, promotional opportunities, and mental anguish, among other terms and conditions of employment with Signal.

### B. VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (DISPARATE TREATMENT)

37. Judson re-alleges and incorporates by reference paragraphs 2-26 above, with the same force and effect as if fully set forth herein.

38. Judson is an individual with a qualifying disability within the meaning of Section 101(8) of the Americans with Disabilities Act, Title 42 U.S.C. §12111(8), in that Judson is an

individual with a disability who, with or without a reasonable accommodation, could perform the essential functions of his position within Signal's work force.

39. Because of Judson's actual or perceived disability, he was subjected to unlawful discrimination where his co-workers who were not disabled, or those Signal did not perceive as disabled, were held to a more favorable standard of employment.

40. When Signal terminated Judson, it provided reasons for his termination.

41. Signal does not discipline or terminate those it does not regard as disabled for these same reasons.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court will assume jurisdiction of this action and provide relief as follows:

(a) Issue a declaratory judgment that the employment practices, policies, procedures, conditions and customs that led to the discrimination by Defendants are violative of the rights of Plaintiff as secured by, where applicable, 42 U.S.C. §12101, *et seq.*, known as the Title I of the American with Disabilities Act;

(b) Grant Plaintiff a permanent injunction enjoining Defendant, their agents, successors, employees, attorneys and those acting in concert with Defendants and at Defendant's request from continuing to violate 42 U.S.C. §12101, *et seq.* known as the Title I of the American with Disabilities Act;

(c) Issue an Order directing and requiring Defendant to pay Plaintiff damages for mental anguish, lost wages, salary, employment benefits, or other compensation reduced, denied, or lost by reason of Defendant's ADA violations, including nominal damages;

(d) Issue an Order directing and requiring Defendant to pay Plaintiff liquidated

damages pursuant to ADA in an amount equal to and in addition to the amount of lost wages, salary, employment benefits, or other compensation owed to him, and punitive and compensatory damages;

(e) Issue an Order directing and requiring Defendant to place Plaintiff in a similar position to that which he previously held with seniority, or award Plaintiff front pay if no position is available, or reinstatement is not appropriate;

(f) Issue an Order directing Defendant to reimburse Plaintiff for the costs and attorney's fees expended in the course of litigating this action, and pre-judgment and post-judgment interest; and

(g) Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

Dated: November 19, 2024.

/s/ Eric C. Sheffer
Eric C. Sheffer
**Counsel for Plaintiff**

OF COUNSEL:
**WIGGINS, CHILDS, PANTAZIS,**
**FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500
E-mail: esheffer@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

/s/ Eric C. Sheffer
**OF COUNSEL**